**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

REGGIE JHOANDRY RIVAS CAICEDO,
*Through next friend Rayniel Jesus Rivas Caicedo,*

Petitioner,

v. Case No. 1:26-cv-03212 KWR-JMR

WARDEN, *Cibola County Correctional Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner asserts in part that his due process rights were violated when Respondents detained him without giving him notice or properly revoking his parole. As explained below, Petitioner's habeas petition is well-taken and is therefore **GRANTED in part**.

**BACKGROUND**

Petitioner is a citizen of Venezuela in ICE detention at the Cibola County Correctional Center in New Mexico. Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). Doc. 1 at 6. He asserts that he complied with all conditions of release, notified ICE

of any change of address, appeared at every scheduled hearing and appointment, and did not violate the law. Doc. 1 at 6.

On August 29, 2026, ICE arrested Petitioner following his alleged arrest for a DUI. Doc. 11 at 2. Petitioner asserts he committed no violation. Doc. 1 at 9. Although Petitioner was detained, it appears the parties do not assert that Petitioner's parole was ever revoked, notice of any revocation was provided, or an individualized assessment was made prior to the revocation of his parole. Respondents do not assert that Petitioner's parole automatically expired.

Petitioner received a bond hearing before an immigration judge on September 8, 2026. The immigration judge denied bond, reasoning he was a flight risk due to his manner of entry into the United States and his speculative form of relief. Doc. 11-2 at 1. The written bond decision did not mention his alleged DUI or order him detained on the basis of dangerousness. Petitioner was ordered removed on October 22, 2026, and he appealed the removal order.

Petitioner appears to assert in part that due process requires Respondents, prior to detaining him, to give him written notice of the revocation of his parole, a statement of reasons, and an opportunity to respond. Doc. 1 at 17. Respondents acknowledge that Petitioner contends that "immigration authorities violated applicable statutes and regulations by failing to provide written notice terminating his parole and by failing to conduct a proper individualized bond determination." Doc. 11 at 8. Respondents admit that the "available record reflects that Petitioner's parole was terminated but it does not establish the circumstances surrounding that termination. Accordingly, Respondents do not contend that Petitioner's parole automatically expired, or that written notice was provided. Rather, the present record does not permit a determination as to whether the termination was subject to the regulation's written notice

requirement or whether that requirement was satisfied." Doc. 11 at 9. Respondents do not assert that his parole automatically expired.

**DISCUSSION**

First, Petitioner asserts that Respondents failed to follow regulations in revoking his parole under 8 U.S.C. § 1182(d)(5) prior to detaining him. Petitioner asserts that Respondents failed to provide him written notice of the revocation of his parole, a statement of reasons, and an opportunity to respond. Doc. 1 at 17. Here, Respondents do not appear to dispute that they lack evidence that they followed the regulations in detaining him prior to revoking his parole. Respondents do not assert that Petitioner's parole automatically expired. Respondents admit that the "available record reflects that Petitioner's parole was terminated but it does not establish the circumstances surrounding that termination. Accordingly, Respondents do not contend that Petitioner's parole automatically expired, or that written notice was provided." Doc. 11 at 9. For the reasons stated in *Alcide* and *Begaliev,* which the Court adopts and incorporates herein, it appears to be undisputed that Petitioner's parole was not properly revoked under the regulations and therefore his due process rights were violated. *Begaliev v. Warden of Otero Cnty. Processing Ctr.*, No. 2:26-CV-00358-KWR-KK, 2026 WL 837109 (D.N.M. Mar. 26, 2026); *Alcide v. de Anda-Ybarra*, No. 1:26-CV-00249-KWR-GBW, 2026 WL 622663 (D.N.M. Mar. 5, 2026). Moreover, in an analogous situation, the Tenth Circuit found that a noncitizen was entitled to release where the government failed to follow regulations in the revocation of a petitioner's release. *See Abedi v. Carter*, No. 25-3179, --F.4th --, 2026 WL 3149141 (10th Cir. Oct. 21, 2026) (where government failed to follow regulations in revocation of order of supervision, release was warranted).

*Second,* in the alternative, controlling Tenth Circuit authority required immigration authorities to conduct an individualized assessment prior to revoking parole. *See Marczak v. Greene,* 971 F.2d 510, 515 (10th Cir. 1992); *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001). *Marczak* held that an individualized assessment was required when deciding whether to grant or deny parole. *Sierra* applied *Marczak* to the discretionary revocation of parole. Construed liberally, Petitioner appears to challenge whether an individualized determination was made. Doc. 1 at 17. He asserts that no statement of reasons for the revocation of his parole was provided. Respondents do not assert that an individualized assessment was made prior to revoking his parole. Rather, as explained above, Respondents admit that the "available record reflects that Petitioner's parole was terminated but it does not establish the circumstances surrounding that termination. Accordingly, Respondents do not contend that Petitioner's parole automatically expired, or that written notice was provided." Doc. 11 at 9. Therefore, it appears that no individualized determination was made as required under *Sierra,* and Petitioner's due process rights were violated.

Release is the appropriate remedy in this case. *See also Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (setting forth factors to consider when remedying a due process violation); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (habeas is "a remedy for unlawful executive detention," and the "typical remedy is, of course, release"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (Federal district courts have broad equitable powers to craft habeas relief); 28 U.S.C. § 2243 (District courts have the power and authority to dispose of habeas corpus matters "as law and justice require").

For the reasons stated above, the Court will order Petitioner's immediate release from custody. The Court's opinion should not be construed as prohibiting his future detention based on changed circumstances, such as if § 1231 detention applies.

**IT IS THEREFORE ORDERED** that the Petition (**Doc. 1**) is hereby **GRANTED in part** for reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner.

_____________/S/________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE